| Benedetto Nardolillo vs. The Prata Undertaking Company . | Eq.No.8642 |

October 20, 1927.

TANNER, P. J. This is a bill in equity heard upon motion for a preliminary injunction.

The complainant alleges that he is an undertaker; that the respondent is incorporated in the State of South Dakota; that the said respondent is and has been for a long time engaged in selling contracts of policies of life insurance, in which policies the

respondent agrees to furnish funeral and burial for the family of the policy holder; that said business of selling and issuing contracts of life insurance is illegal because the General Treasurer of this State has not been furnished with the certificate of a designated officer of the State of South Dakota to the effect that said respondent has deposited with said designated official of South Dakota surety to the value of $100,000; that by means of said illegal contracts of insurance said respondent has deprived the complainant of patronage which he otherwise would have secured and has deprived him of patronage already secured and injured the good will of his business, and that the public is being misled into believing that said contracts are valid and subsisting policies of life insurance, and that said acts of the respondent constitute unfair competition on the part of said respondent.

The complainant argues that such competition is unfair because it has no justification in that the business done by the said respondent is illegal under the statutes of the State.

It is generally held that, if the act of interference be a fraud or a disparagement or a coercion against the customer, the courts will not listen to any justification. The act complained of is not a disparagement or a coercion and we doubt if it can be said to be a fraud against a customer. The fact that the respondent has not complied with the statute of the State in the respect alleged does not render the contract illegal as to the customer.

"Equity will not prevent unlawful practice of medicine. Injunction will not lie to prevent the practice of medicine by one having no legal certificate therefor, the only ground urged for such relief being the diminution of profits to one lawfully engaged in such practice, by means of the unlawful competition."

Merz vs. Murchison, 30 Ohio Circuit App. 646;

Healy vs. Sidone, 127 Atl. 520.

"Equity will not interfere because the alleged act may diminish the profits of a trade or business pursued by applicant in common with others."

Smith vs. Lockwood, 13 Barber 209.

The motion for a preliminary injunction is denied.

For complainant: Harlow & Boudreau.

For respondents: Frank J. Rivelli.